### UNITED STATES DISTRICT COURT

### WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | |
|---|---|
| CHARLES WESTON | CIVIL ACTION NO. 07-1978 |
| VS. | JUDGE DOHERTY |
| M-I L.L.C.<br>dba M-I SWACO<br>RANDY FRUGE | MAGISTRATE JUDGE METHVIN |

### *RULING ON MOTION TO REMAND*
### *(Rec. Doc. 13)*

Before the court is the motion to remand filed by plaintiff Charles Weston on

January 27, 2008.  Defendants M-I L.L.C. and Randy Fruge filed an opposition and plaintiff

replied.[1]  For the following reasons, the motion is **GRANTED.**

### *Background*

Plaintiff alleges as follows: Plaintiff worked for Wilstaff, Inc.; on August 1, 2008, he

delivered chemicals to defendant M-I; the chemicals were hazardous substances which required

protective equipment; plaintiff asked defendant Randy Fruge, who was M-I's warehouse

manager, for protective equipment; Fruge responded that they did not have anything that fit him,

but that he expected him to unload the truck; plaintiff unloaded the truck without protective

clothing or equipment; his exposure to the chemicals resulted in vision, skin, breathing and

stomach problems, which prevent him from working.

On October 25, 2007, plaintiff filed a Petition for Damages in the 14th Judicial District

Court for Calcasieu Parish, Louisiana against M-I L.L.C. d/b/a M-I Drilling Fluids, L.L.C. (a

---

[1] Rec. Doc. 16 and 20.

2

foreign corporation) and Randy Fruge (a Louisiana domiciliary).[2]  On November 19, 2007,

defendants removed the case to this court on the basis of diversity jurisdiction.  On

January 27, 2008, plaintiff filed the instant motion to remand for lack of subject matter

jurisdiction because defendant Randy Fruge is a Louisiana resident, and therefore the parties are

not completely diverse.[3]  Defendants oppose the motion, maintaining that Fruge was improperly

joined, and therefore, complete diversity exists between the properly joined defendant and

plaintiff.[4]

### *Legal Analysis*

A party may remove an action from state court to federal court if the action is one over

which the federal court possess subject matter jurisdiction.  28 U.S.C. §1441(a).  The removing

party bears the burden of showing that federal jurisdiction exists, and that removal was proper.

Manguno v. Prudential Property & Casualty Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  Whether

jurisdiction is present for removal purposes is dependent upon the claims in the state court

petition as they existed at the time of removal.  Id.  As the removal statute is to be strictly

construed in favor of remand, any ambiguities are construed against removal.  Id.

Federal diversity jurisdiction requires complete diversity of citizenship of the named

parties and an amount in controversy in excess of $75,000, exclusive of interests and costs.  28

U.S.C. §1332(a)(1).  On January 8, 2008, the undersigned conducted a Jurisdictional Amount

---

[2] Rec. Doc. 1-2.

[3] Rec. Doc. 13.

[4] Rec. Doc. 16.

3

Review, finding that the case meets the requisite jurisdictional amount was established.[5]  Thus, the sole basis of contention is the requirement for complete diversity.

***Diversity of Citizenship***

When the face of the complaint demonstrates that complete diversity does not exist, the removing defendant "bears a heavy burden of proving that the joinder of the in-state party was improper." Smallwood v. Illinois Central Railroad Company, 385 F.3d 568, 574 (5th Cir. 2004). A defendant may remove such a case to a federal forum when the in-state defendant has been improperly joined.  In determining whether the joinder was proper, "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."  Id. at 573.

The Fifth Circuit has expressly recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  Id.

Defendants have not alleged fraud in the pleading of jurisdictional facts, i.e., an allegation that one party is a citizen of Louisiana when that fact is demonstrably false.  Thus, the jurisdictional inquiry is limited to whether defendants have proven that plaintiff *cannot* establish a cause of action against Fruge, the non-diverse defendant.

In order to determine whether a plaintiff has a reasonable basis of recovery, the court may resolve the issue in two ways:

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.  That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated

---

[5] Rec. Doc. 12.

4

or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant.

We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden."

Id. at 573-74.

Plaintiff alleges that Randy Fruge is personally liable for his negligence in requiring

plaintiff to unload hazardous chemicals without proper protective equipment.[6]

As discussed above, in order to determine whether plaintiff can establish a cause of action

against Fruge, the court must apply a Rule 12(b)(6)-type analysis or, in rare circumstances, a

summary judgment-type analysis.[7] The undersigned concludes that the appropriate analysis to be

---

[6] Louisiana Civil Code art. 2315(A) provides: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

[7] A motion to dismiss under Rule 12(b)(6) "'may be granted only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations'." Meadowbriar Home For Children, Inc. v. G.B. Gunn, et al., 81 F.3d 521, 529 (5th Cir. 1996), citing Bulger v. United States Bureau of Prisons, 65 F.3d 48, 49 (5th Cir. 1995). The allegations in the complaint are construed favorably to the pleader and accepted as true for purposes of the well-pleaded complaint rule. Id., 81 F.3d at 529; see also La Porte Constr. Co. v. Bayshore Nat'l. Bank, 805 F.2d 1254, 1255 (5th Cir. 1996). The district court must take the

5

used in this case is the Rule 12(b)(6) analysis, because there is no evidence that plaintiff has

"misstated or omitted discrete facts" that would require a summary judgment-type analysis.

If there exists any possibility of recovery by plaintiff against Fruge, the case must be

remanded.  Gray v. Beverly Enters.-Miss., Inc., 390 F.3d 400, 412 (5th Cir.2004).  All disputed

questions of fact and ambiguities of law must be construed in the plaintiff's favor.  Travis v. Irby,

326 F.3d 644, 648 (5th Cir.2003).  Furthermore, the court must be mindful of the fact that

plaintiff has not had sufficient time for discovery. "Simply pointing to the plaintiff's lack of

evidence at this stage of the case is insufficient to show that there is no possibility for (the

plaintiff) to establish (the defendant's) liability at trial." Id. at 651.

Defendants argue that plaintiff does not have a claim against Fruge because plaintiff has

not alleged an intentional tort on Fruge's behalf, and therefore, M-I will be vicariously liable for

Fruge's negligence.  Defendants' central argument is that because M-I will be vicariously

responsible for Fruge's negligence, Fruge cannot be held personally liable.[8]

--------

factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the
sufficiency of the claim in favor of the plaintiff.  Jefferson v. Lead Industries Ass'n., Inc., 106
F.3d 1245, 1250 (5th Cir. 1996), citing Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278,
284 (5th Cir. 1993).
    The complaint should not be dismissed for failure to state a claim unless it appears
beyond doubt that the plaintiff cannot prove any set of facts in support of his claim that would
entitle him to relief.  Id., 106 F.3d at 1250, citing Fernandez-Montes, 987 F.2d at 284, 285;
Leffall v. Dallas Independent School District, 28 F.3d 521, 524 (5th Cir. 1994).  However,
conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice
to prevent a motion to dismiss.  Id., 106 F.3d at 1250, citing Fernandez-Montes, 987 F.2d at 284,
285; Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994).

    [8] Although plaintiff interprets defendants' argument as involving an allegation that
plaintiff was an employee of M-I, and therefore precluded from suing Fruge, M-I does not so
allege in the opposition to the motion to remand.  In fact, the opposition states that plaintiff was
employed by Wilstaff.  Although in the Notice of Removal, defendants state that Fruge was
plaintiff's supervisor, there is no support for this allegation, nor do defendants address it in their

6

Under Louisiana law, an employee may be personally liable for his negligence.  Dodson

v. K-Mart Corp., 2004-1117 (La.App.3 Cir. 12/22/04), 891- So.2d 789; *citing* Canter v. Koehring

Co., 283 So.2d 716, 721 (La.1973).  The issue of vicarious liability does not detract from the

right of action against the employee personally:

> [A]n employer and an employee are solidarily liable for damages caused by the
> employee's negligence, although the employee's liability is based on his act or
> omission (Article 2315) and the employer's secondary and derivative liability is
> imposed by law on the basis of the relationship (Article 2320).  While no statute
> or codal article stipulates solidary liability between the employer and the
> employee, the obligation is solidary as a matter of law.  Both are obliged to the
> same thing (to repair the damage caused by the employee ), neither is entitled to
> the benefit of division, and either may be compelled for the whole, so that
> payment by one exonerates the other toward the creditor.  Foster v. Hampton, 381
> So.2d 789 (La.1980); Sampay v. Morton Salt Co., 395 So.2d 326 (La.1981).

OMSI v. Elliott, 2003-1178 ,  (La.App. 3 Cir. 3/03/2004), 869 So.2d 300, 302.

Thus, the fact that M-I would be vicariously liable for a judgment against Fruge does not

prevent plaintiff from seeking a judgment against Fruge.  Rather, vicarious liability simply

provides more assurance that the judgment will be paid.   Accordingly, the issue here is whether

plaintiff has stated a claim against Fruge for his personal negligence.

Under Louisiana law, an employee if is personally liable if: 1) the employer owed a duty

of care to the plaintiff, the breach of which caused plaintiff's injury; 2) the employer delegated

---

opposition memorandum.  Further, defendants do not allege nor provide legal analysis regarding
plaintiff being a statutory or borrowed employee of M-I.  To the extent that such an allegation
may be made, the undersigned concludes that plaintiff has established that, for the purposes of
the motion to remand, he was not a statutory or borrowed employee of M-I.  The record does not
reflect that there was a written contract recognizing a statutory employer relationship between the
parties.  La. R.S. 23:1061(A)(3).  Additionally, plaintiff alleges, and it is not refuted, that he was
paid by Wilstaff, that Wilstaff retained control over him, and that he was at the M-I warehouse
for only two days.  Because defendant does not dispute these allegations, the undersigned finds
that, for the purposes of the instant motion, plaintiff was not employed by M-I.

7

that duty to the employee; 3) the employee breached the duty through his personal fault; 4) with regard to the personal fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment.   Dodson v. K-Mart Corp., 2004-1117 (La.App.3 Cir. 12/22/04), 891 So.2d 789; *citing* Canter v. Koehring Co., 283 So.2d 716, 721 (La.1973).[9]

Plaintiff has alleged the facts necessary to state a claim against Fruge.  Plaintiff alleges that he was employed by Wilstaff and directed to M-I's warehouse; that while delivering chemicals there, plaintiff requested protective equipment; that Fruge, the warehouse manager, did not provide the requested equipment; and that plaintiff was injured because of the failure to provide the protective equipment.

Although defendants submitted summary judgment type evidence in opposition to the motion to remand, this evidence does not negate plaintiff's claim, but rather simply supports defendants' version of events. Fruge's affidavit states that he was not present at the time of the accident, and that he did not see plaintiff after the accident.  Although this document may support defendants' position that Fruge was not negligent, they do not "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Smallwood, 385 F.3d at 573-574.

Plaintiff has articulated a legal basis for his claim against Fruge.  Defendants "bear a heavy burden of proving that the joinder of the in-state party was improper." Smallwood, 385 F.3d at 574.  Defendants fail to show an "inability of the plaintiff to establish a cause of action

---

[9] Canter has a fourth factor regarding delegation of duty, which is inapplicable to the case at bar.

8

against the non-diverse party in state court" because it is clear that plaintiff has a cause of action

against Fruge for his alleged negligence.  <u>Id</u>.

### *Conclusion*

Considering the foregoing, and because removal statutes are to be construed strictly

against removal and for remand,  plaintiffs' Motion to Remand is **GRANTED** and this case is

**REMANDED** to the 14th Judicial District Court for Calcasieu Parish, subject to the stay set forth

in the accompanying order.

Signed at Lafayette, Louisiana, on March 27, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)